IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01679-MSK-KMT

DONNA BYBEE,

    Plaintiff,

v.

MARIN MOUNTAIN BIKES, INC., a California Corporation,
GANDER MOUNTAIN COMPANY, a Minnesota Corporation,
LEE CHI ENTERPRISE CO, d/b/a PROMAX USA and
CHING TONG SHAN ENT., a foreign corporation.

    Defendants.

## PROTECTIVE ORDER REGARDING BUSINESS DOCUMENTS

**THE COURT**, having received and reviewed the parties' Stipulated Motion for Protective Order, hereby orders the following:

1. The parties agree that Confidential Information, as defined in paragraph 2 below, will be sought during discovery and that there will be questions concerning Confidential Information in the course of depositions. Disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the parties' business or privacy interests and/or their employees' privacy interests. The parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the

parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

    a.    Confidential business information related to each of the Defendants, including contracts, manufacturing specifications, quality control records, billing invoices and manufacturing documents.

3. All information designated by a party as "Confidential" will first be reviewed by counsel, who will certify that the designation as "Confidential" is based on a good faith belief that the information is Confidential or otherwise entitled to protection under F.R.C.P. 26(c)(7). Such review and certification by counsel will be in accordance with requirements set out in *Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382 (Dist. Colo. 2000).

4. Where Confidential Information is produced, provided or otherwise disclosed by a party in response to any discovery request, it will be designated in the following manner:

    a.    By imprinting the word "Confidential" on the first page or cover of any document produced;

    b.    By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c.    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

5. All Confidential Information provided by a party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.    It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit has been signed.

6. Documents designated as "Confidential" and information contained therein shall be available only to the parties, representatives of the parties who are counsel (in-house or outside) for the party, such counsel's paralegals, secretarial and clerical personnel, independent consultants or experts retained by such counsel for assistance with respect to the litigation, and insurers. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence an shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity, or government agency unless authorized to do so by Court Order.

7. Counsel for the party to whom Confidential Information is provided shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients on Confidential Information, and shall maintain a list of all persons that are required to complete an affidavit as set forth in paragraph 4.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation. Experts and consultants may prepare "working copies" of Confidential Information only to the extent that it may be necessary to do so as a part of their services relative to the subject litigation. All such "working copies" shall also be designated and stamped "Confidential". Experts shall be required to attest to their willingness to abide by the confidentiality provisions of the Protective Order.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, except that those parties identified in paragraph 5 may be provided copies of Confidential Information.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential and carries the burden of establishing privilege under existing applicable Colorado law.

11. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of Rule 26(c) of the Federal Rules of Civil Procedure.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

13. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

14. Upon termination of this litigation, including any appeals, each party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, or affirm under oath that such copies have been destroyed.

15. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated this 21st day of September, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge