IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01679-MSK-KMT

DONNA BYBEE,

    Plaintiff,

v.

MARIN MOUNTAIN BIKES, INC., a California Corporation,
GANDER MOUNTAIN COMPANY, a Minnesota Corporation, and
LEE CHI ENTERPRISE CO., d/b/a PROMAX USA and
CHING TONG SHAN ENT., a foreign corporation

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

This case comes before the court on Plaintiff's "Motion for Default Judgment Against Defendant Ching Tong Shan Ent." [Doc. No. 54, filed August 19, 2009]. This motion was referred to this court on August 19, 2009 [Doc. No. 55] and is ripe for review and recommendation.

The Plaintiff seeks entry of default judgment as a result of the failure of Defendant Ching Tong Shan Ent. ("Ching Tong") to answer the Second Amended Complaint or otherwise appear in the case after proper service.

### *Legal Standard*

Default judgment may be entered against a party who fails to appear or otherwise defend

pursuant to Fed. R. Civ. P. 55, which states judgment by default may be entered

> By the Court. In all other cases the party entitled to a judgment by default shall
> apply to the court therefor; but no judgment by default shall be entered against an
> infant or incompetent person unless represented in the action by a general
> guardian, committee, conservator, or other such representative who has appeared
> therein. If the party against whom judgment by default is sought has appeared in
> the action, the party (or, if appearing by representative, the party's representative)
> shall be served with written notice of the application for judgment at least 3 days
> prior to the hearing on such application. If, in order to enable the court to enter
> judgment or to carry it into effect, it is necessary to take an account or to
> determine the amount of damages or to establish the truth of any averment by
> evidence or to make an investigation of any other matter, the court may conduct
> such hearings or order such references as it deems necessary and proper and
> accord a right of trial by jury to the parties when and as required by any statute of
> the United States.

*Id.*

"[A] party is not entitled to a default judgment as of right; rather the entry of a default

judgment is entrusted to the 'sound judicial discretion' of the court." *Cablevision of Southern*

*Conn., Ltd. P'hip v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001); *Deery American Corp. v.*

*Artco Equip. Sales, Inc.*, 2007 WL 437762, at *2 (D. Colo. 2007).  Even after default, "it remains

for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry

of a judgment" since a party in default does not admit conclusions of law.  *See McCabe v.*

*Campos*, 2008 WL 576245, at *2 (D. Colo. 2008) (citing *Black v. Lane*, 22 F.3d 1395, 1407 (7th

Cir. 1994)).  In determining whether a claim for relief has been established, the well-pleaded

facts of the complaint are deemed true. *Vibe Technologies, LLC v. Suddath*, 2009 WL 2055186,

at *1 (D. Colo. 2009) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722

F.2d 1319, 1323 (7th Cir. 1983)).  *See also DirecTV, Inc. v. Bloniarz*, 336 F. Supp. 2d 723, 725

(W.D. Mich. 2004) ("It is well-established that once a default is entered against a defendant, that

party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining

to liability.").  In addition, the court accepts the undisputed facts set forth in any affidavits and

exhibits submitted with the motion.  *Id.*

### *Procedural History*

The Complaint, filed August 7, 2008, set forth facts concerning an accident occurring on

August 21, 2006, wherein the plaintiff, Donna Bybee, was injured when the seat post bolt of her

bicycle failed, causing her to fall to the ground, fracturing her wrist.  [Compl. at ¶ 12.]  The

initial named defendants were Marin Mountain Bikes, Inc. ("Marin"), Gander Mountain

Company ("Gander Mountain"), and Lee Chi Enterprise Co., d/b/a/ Promax USA ("Lee Chi").

On October 23, 2008, the plaintiff filed an Amended Complaint adding claims against Ching

Tong.  [Doc. No. 11.]  The Second Amended Complaint was filed on December 11, 2008.  [Doc.

No. 24.] Marin Answered the Second Amended Complaint on December 18, 2009; Defendant

Gander Mountain Answered on December 30, 2008, also filing crossclaims against Marin, Lee

Chi and Ching Tong.  The plaintiff was eventually able to effect service upon Lee Chi, a

corporation organized under the laws of Taiwan.  [Doc. No. 48.]  Lee Chi filed its Answers to

the Amended Complaint and to the Crossclaims on August 3, 2009.  [Doc. Nos. 52, 53.]

The documents necessary to obtain service upon Ching Tong were received by the

Central Authority in Beijing on January 19, 2009.  [Status Report dated March 15, 2009 at ¶ 2.]

On or about April 29, 2009, Plaintiff received a letter from Jack Lin, a representative of Ching Tong, indicating that the company had received the documents effectuating service and requesting additional time to locate records pertinent to the case.  [Doc. No. 40.]  On June 11, 2009, Plaintiff filed a return on the summons on Ching Tong from the People's Republic of China, Guangdong Province Shen Zhen City Intermeidate [sic] People's Court, indicating that Ching Tong was served with the summons and complaint in this matter on March 26, 2009 at a location in China and delivered to Deng Fangxiang.  [Doc. Nos. 42 and 44.]  Service was made by the Division of Judicial Assistance, Ministry of Justice, No. 10, Chaoyangmen, Nandajie Chaoyang District, Beijing 100020, China. [*Id.*]

The Answer from Ching Tong was to be filed on or before April 15, 2009.  Plaintiff's counsel sent a letter to Mr. Lin of Ching Tong dated July 23, 2009 advising him that unless an Answer for Ching Tong was filed by August 15, 2009, a motion for entry of default would be filed.  [Status Report filed August 19, 2009, Doc. No. 53, at ¶ 4.]  No Answer having been filed by Ching Tong, Plaintiff's Motion for Entry of Default was filed on August 19, 2009, and default was entered against Ching Tong on August 21, 2009.  [Doc. No. 56.]

*Analysis*

With the entry of default against Ching Tong, the defendant is deemed to have admitted all of the well-pleaded allegations in the Second Amended Complaint pertaining to liability. Plaintiff alleges that Marin contracted with Ching Tong to produce the Stinson model bicycle which the plaintiff was riding at the time of her accident.  [Am. Compl. at ¶¶ 5, 12.]  It is alleged that Ching Tong buys component parts for the bicycles commissioned by Marin from component

4

part manufacturers including Lee Chi.  Ching Tong then assembles the component parts into a finished bicycle which is shipped to a Marin distribution center and thereafter sold to various retail outlets, including Gander Mountain. [*Id.*]  Lee Chi, it is alleged, sold its component parts. including bicycle seat posts, stems brakes, and handlebars, under the brand name "Promax." [*Id.* at ¶ 11.]

Plaintiff purchased her Stinson model bicycle at Gander Mountain on December 27, 2005.  [*Id.* at ¶ 13.]  On August 21, 2006, after riding on the Stinson cycle on paved and hard surface bike paths, "Plaintiff, riding at a moderate speed, felt the seat under her shift quickly causing her to lose her balance and fall to the left," fracturing her wrist.  [*Id.* at ¶ 14.]  The Complaint alleges that "[a] sheared or fractured seat post bolt from the plaintiff's bicycle was found near where the plaintiff fell."  [*Id.*]  The plaintiff claims that the shearing or fracturing of the seat post bolt was the cause of her accident.  [*Id.* at ¶ 15.]  It is alleged the seat post bolt bore the name "Promax" and was manufactured by Lee Chi and/or Marin.  [*Id.*]

The plaintiff brings claims against Ching Tong for strict liability [Am. Compl., Ninth Claim for Relief] and breach of warranty of merchantability [Am. Compl., Tenth Claim for Relief].

The doctrine of strict liability in tort is set forth in the Restatement (Second) of Torts § 402A:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property, is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
>> (a) the seller is engaged in the business of selling such a product, and

(b) it is expected to, and does, reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and
(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Section 402A has been quoted and approved by Colorado courts. *See, e.g., Smith v. Home Light & Power Co.*, 734 P.2d 1051 (Colo. 1987); *Kysor Indus. Corp. v. Frazier*, 642 P.2d 908, 22 A.L.R.4th 195 (Colo. 1982); *Hiigel v. General Motors Corp.*, 190 Colo. 57, 544 P.2d 983 (1975).

Strict liability, derived from § 402A and as adopted in Colorado case law, requires proof of the following elements: (1) the defendant was a manufacturer of the product and was engaged in the business of selling such products, (2) the defendant sold the product, (3) the product was defective and unreasonably dangerous at the time it left the defendant's control, (4) the product is expected to, and does, reach the user or consumer without substantial change in the condition in which it is sold, and (5) the plaintiff incurred injury caused by the defect in the product. *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 536-537 (Colo. 1997); *Price v. Wilson Sporting Goods Co.*, 2005 WL 2811775, at *2 (2005). *See also U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 358 F. Supp. 2d 1021 (D. Colo. 2005)

The unchallenged facts set forth by the Plaintiff against Ching Tong meet the elements required for this claim. Ching Tong was alleged to be the manufacturer of the bicycle plaintiff was riding when she fell, and one of the parts of the bicycle, as commissioned by Ching Tong

from Lee Chi, was alleged to be the cause of the fall.  Ching Tong is alleged to have sold the manufactured bicycle ridden by Plaintiff to Marin under a contract between the two and Marin sold the bicycle to Gander Mountain for retail distribution.  Therefore, entry of default judgment on this claim is proper.

The implied warranty that goods sold in commerce are of merchantable quality is set forth in § 2-314(1) of the Uniform Commercial Code, as follows: "(1) Unless excluded or modified (Section 2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  *See* 63 Am. Jur. 2d, Products Liability § 111.  Colo. Rev. Stat. § 4-2-314 defines merchantability as goods that

> a) Pass without objection in the trade under the contract description; and (b) In the case of fungible goods, are of fair average quality within the description; and (c) Are fit for the ordinary purposes for which such goods are used; and (d) Run, within the variations permitted by the agreement, of even kind, quality, and quantity within each unit and among all units involved; and (e) Are adequately contained, packaged, and labeled as the agreement may require; and (f) Conform to the promises or affirmations of fact made on the container or label if any.

*Id.*

In an action to recover for economic loss resulting from the breach of an implied warranty of merchantability the necessary elements to establish a *prima facie* case are (1) a contract for the purchase of goods from the defendant; (2) the status of the defendant as a merchant with respect to the goods; (3) the failure of the goods to conform to minimum standards of merchantability applicable to goods of that kind; (4) where plaintiff purchased the goods directly from the defendant, timely notice by the plaintiff to the defendant of the failure of

the goods to conform to applicable standards of merchantability; (5) economic losses suffered by

the plaintiff proximately resulting from the failure of the goods to conform to the appropriate

standards of merchantability.  *See* Roderick J. Mortimer, *Cause of Action for Economic Loss*

*Resulting from Breach of Implied Warranty of Merchantability Under UCC § 2-314*, *in* 11

Causes of Action 531 (1983, updated 9/2009).

As to this claim, too, the Plaintiff has set forth sufficient facts to make a *prima facie*

showing of entitlement to default judgment.  The unchallenged facts state that Ching Tong

manufactured the bicycle under a contract with Marin, knowing that Marin would sell the

bicycle to an ultimate consumer.  The bicycle failed while being used for its ordinary and

intended purpose and the plaintiff was thrown to the ground suffering injury.

WHEREFORE, for the foregoing reasons, I respectfully

**RECOMMEND** that

Plaintiff's "Motion for Default Judgment Against Defendant Ching Tong Shan Ent."

[Doc. No. 54] be GRANTED.  I further

**RECOMMEND** that entry of judgment be deferred until completion of the case against

the appearing defendants and that the court hold a hearing at that time to consider an accounting

of damages.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and

file written objections to the Magistrate Judge's proposed findings and recommendations with

the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."  *United States v. One Parcel of Real Property Known As*

*2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d

at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be

both timely and specific to preserve an issue for *de novo* review by the District Court or for

appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining*

*Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the

Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file

objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see,*

*Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require

review).

   Dated this 2nd day of November, 2009.

        **BY THE COURT:**

        _____
        Kathleen M. Tafoya
        United States Magistrate Judge